## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

KIMBERLY TORELLI, on behalf of
herself and others similarly situated

       Plaintiff,

v.                              Case No:  2:15-cv-527-FtM-99CM

DIRECT HEATING & COOLING,
INC. and MITZIE FOX-LERNER,

       Defendants.

_____

### REPORT AND RECOMMENDATION[1]

      Before the Court is the parties' Joint Motion for Approval of Settlement (Doc. 16).  The parties provided copies of the Settlement Agreements for the Court's review.  Docs. 16-1, 16-2, 16-3.  The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

      To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  There are two ways for a claim under the FLSA to be settled or compromised.  *Id.* at 1352-53.  The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

*Id.* at 1353.   The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages.   *Id.*   When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context.   The employees are likely to be represented by an attorney who can protect their rights under the statute.   Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.   If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiffs Kimberly Torelli, Matt Meiners and Sarah Squarebrigs were employed by Defendants as phone room managers.   Doc. 16 at 2-3.   Torelli was paid a salary of $525.00 per week.   *Id.* at 2.   Meiners was paid a salary of $550.00 per week, and Squarebrigs was paid a salary of $500.00 per week.   *Id.* at 3.   Torelli, on behalf of herself and others similarly situated, brought this action seeking damages for unpaid overtime wages, liquidated damages and attorney's fees and costs.   Doc. 1 at 1.   Meiners and Squarebrigs later joined the action.   *See* Docs. 12, 15.   As a reasonable compromise of disputed issues, Defendants agreed to pay Torelli

the sum of $18,400.00 for unpaid wages, liquidated damages, consideration for execution of a release, resolution of an Equal Opportunity Commission charge for disability discrimination and attorney's fees and costs.[2]   Docs. 16 at 2-3, 16-1 at 2. Defendants agreed to pay Meiners a total sum of $12,500.00 for unpaid wages, liquidated damages, consideration for execution of a general release and attorney's fees and costs.[3]   Doc. 16-2 at 2.   Defendants agreed to pay Squarebrigs a total sum of $5,000.00 for unpaid wages, liquidated damages, consideration for execution of a general release and attorney's fees and costs.[4]   Doc. 16-3 at 1-2.

Plaintiffs agreed to accept a compromised amount to avoid the uncertainties and expense of litigation.   Docs. 16-1 at 1, 16-2 at 1, 16-3 at 1.   "Plaintiff[s] also agree[ ] that, in light of the defenses presented, and the dispute as to the hours worked, the amount of the settlement represents a reasonable compromise of [their] claim[s]."   Docs. 16-1 at 3, 16-2 at 2, 16-3 at 2.   Defendants also agree that in light of the cost of continued litigation, the amount of settlement is reasonable.   Docs. 16-1 at 3, 16-2 at 2-3, 16-3 at 2-3.

---

[2] The total sum Defendants agreed to pay Torelli is broken down as follows: $3,750.00 for unpaid wages, $3,750.00 for liquidated damages, $2,500.00 for execution of a general release, $5,000.00 for resolution of her disability discrimination charge and $3,400.00 for attorney's fees and costs.   Doc. 16-1 at 2.

[3] The total sum Defendants agreed to pay Meiners is broken down as follows: $3,750.00 for unpaid wages, $3,750.00 for liquidated damages, $2,500.00 for execution of a general release and $2,500.00 for attorney's fees and costs.   Doc. 16-2 at 2.

[4] The total sum Defendants agreed to pay Squarebrigs is broken down as follows: $625.00 for unpaid wages, $625.00 for liquidated damages, $1,250.00 for execution of a general release and $2,500.00 for attorney's fees and costs.   Doc. 16-3 at 1-2.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute.   Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here.   *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendants further agree to pay Torelli $3,400.00, Meiners $2,500.00 and Squarebrig $2,500.00 for attorneys' fees and costs. Doc. 16 at 3-4.   The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery.   *Id.* at 4.   Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered.   If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs.   Doc. 16 at 4.   Thus, having reviewed the settlement agreements (Docs.

16-1, 16-2, 16-3), the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

The Court notes that the parties have included a general release of claims. Doc. 24-1.   In FLSA cases, general releases are typically disfavored because "a pervasive release in an FLSA settlement confers and uncompensated, unevaluated, and unfair benefit on the employer."   *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release).   Other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *Weldon v. Backwoods Steakhouse, Inc.*, 2014 WL 4385593 *4 (M.D. Fla. 2014); *Buntin v. Square Foot Management Company, LLC*, 2015 WL 3407866 *2 (M.D. Fla. 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 2014 WL 5454395 *3 (M.D. Fla. 2014).   In *Weldon*, the court approved a settlement agreement that contained a general release and non-disparagement agreement because they were supported by independent consideration, in addition to the sum the plaintiff would receive from the FLSA settlement.   *Welson*, 2014 WL 4385593 *4.

Similarly, here, Torelli, Meiners and Squarebrigs each will receive additional consideration for execution of the general release, which includes a non-disparagement clause.   Doc. 16 at 2-4.   Defendants agreed to pay Torelli and Meiners an additional $2,500.00 and Squarebrigs $1,250.00 for execution of the

general release.   *Id.*   This is independent compensation, separate and apart from the sum Plaintiffs will receive for settlement of the FLSA claims.

Having reviewed the settlement agreements and because Plaintiffs will receive additional consideration for execution of the general release, the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA, and recommends that the settlement be approved.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1.     The Joint Motion for Approval of Settlement (Doc. 16) be **GRANTED**, and the Settlement Agreements (Docs. 16-1, 16-2, 16-3) be **APPROVED** by the Court as a fair and reasonable resolutions of a bona fide dispute under the FLSA.

2.     The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 23rd day of December, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record